# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THEOLA JARRETT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2371-KHV** |
| BANK OF AMERICA, HSBC BANK NEVADA, N.A., | ) | |
| EQUIFAX INFORMATION SERVICES, L.L.C., | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| TRANS UNION L.L.C. and CSC CREDIT SERVICES, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Theola Jarrett filed suit against Bank of America, HSBC Bank Nevada, N.A. and four credit reporting agencies for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and Kansas law. Plaintiff alleges that she was a victim of identity theft and that defendants failed to adequately report and investigate the fact that she disputed certain information on her credit reports. This matter is before the Court on Defendant CSC Credit Services, Inc.'s Partial Motion To Dismiss (Doc. #7) filed October 31, 2005; Defendant Trans Union's Motion To Dismiss (Doc. #14) filed October 31, 2005; Defendant Experian Information Solutions, Inc.'s Partial Motion To Dismiss (Doc. #16) filed November 1, 2005; Defendant Bank Of America's Motion To Dismiss And Memorandum In Support (Doc. #30) filed November 30, 2005; and Defendant Equifax Information Services LLC Joinder In Experian Information Solutions, Inc.'s Motion For Partial Motion To Dismiss (Doc. #34) filed December 7, 2005. For reasons stated below, defendants' motions are sustained.

## Standards For Motions To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether she is entitled to offer evidence to support her claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of her claims, she must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Factual Background

Plaintiff's complaint alleges the following facts:

Equifax Information Services, L.L.C. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, L.L.C. ("Trans Union") and CSC Credit Services, Inc. ("CSC") are consumer reporting agencies as defined by the FCRA. Bank of America and HSBC, Bank, Nevada, N.A. ("HSBC") are furnishers of credit information under the FCRA.[1]

---

[1] In her complaint, plaintiff alleges that Bank of America and HSBC are "reporters" of credit information as defined by the FCRA. The FCRA, however, uses the term "furnisher" of credit information. The FCRA does not define the term "furnisher," but courts have defined the term as an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies. Donley v. Nordic Props., Inc., No. 99C4677, 2003 WL 22282523, at *5 (N.D. Ill. Sept. 30,
(continued...)

In January of 2001, plaintiff obtained a check card from Bank of America.  In April of 2001, an individual residing in California opened a Bank of America account under plaintiff's maiden name.  The individual took out several loans and opened charged accounts with Bank of America and HSBC under plaintiff's name or her maiden name.  After plaintiff reported the identity theft to Bank of America, it intermixed information and/or charges related to the identity theft with her actual accounts.  Plaintiff disputed several unauthorized charges, but Bank of America began collection efforts.

Throughout 2003 and 2004, the four credit reporting agency defendants included inaccurate information on plaintiff's credit report and failed to notify the reporters of certain information that plaintiff disputed the information reported.  In the alternative, the credit reporting agency defendants notified Bank of America and HSBC that plaintiff disputed the information reported, but the banks failed to adequately investigate the dispute and correct their reports.  Because of defendants' conduct, plaintiff was unable to refinance her home at reasonable rates, sought medical treatment and has been unable to work.

Plaintiff asserts claims against all defendants for statutory violations of the FCRA (Counts I, II and III).  Plaintiff also seeks damages against Bank of America for breach of contract and violation of the Consumer Credit Protection Act, 15 U.S.C. § 1643 (Counts IV and V).  Finally, plaintiff seeks to enjoin all defendants from making further false statements in her credit reports and require them to use a unique identifier for her information in future reporting and provide a copy of the injunction to anyone requesting,

---

[1](...continued)
2003); Vazquez-Garcia v. Trans Union De Puerto Rico, 222 F. Supp.2d 150, 154 n.5 (D.P.R. 2002); Thomasson v. Bank One, La., N.A., 137 F. Supp.2d 721, 723 (E.D. La. 2001); DiMezza v. First USA Bank Inc., 103 F. Supp.2d 1296, 1299 (D.N.M. 2000); Carney v. Experian Info. Solutions, Inc., 57 F. Supp.2d 496, 501 (W.D. Tenn. 1999).  Based on the allegations in plaintiff's complaint, Bank of America and HSBC are furnishers of credit information under the FCRA.

analyzing, scoring or compiling information concerning her (Count VI).  Defendants seek to dismiss plaintiff's claim for injunctive relief under Rule 12(b)(6), Fed. R. Civ. P. Defendants argue that (1) the FCRA does not permit private plaintiffs to seek injunctive relief and (2) the FCRA preempts claims for injunctive relief under state law.

**Analysis**

As noted, all defendants except HSBC seek to dismiss plaintiff's claim for injunctive relief because (1) the FCRA does not permit private plaintiffs to seek such relief and (2) the FCRA preempts claims for injunctive relief under state law.  Plaintiff argues that she is entitled to seek injunctive relief against all defendants under Kansas law because her remedy at law under the FCRA is inadequate.

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).  The FCRA imposes obligations on three types of entities: consumer reporting agencies, users of consumer reports and furnishers of information to consumer reporting agencies. See 15 U.S.C. § 1681, *et seq.*  Consumer reporting agencies are required to reinvestigate the completeness or accuracy of any item of information disputed by a consumer.  15 U.S.C. § 1681i(a)(1).  If the disputed information is inaccurate or incomplete, or cannot be verified, the consumer reporting agency must (1) promptly delete or modify that item based on the results of the reinvestigation; and (2) promptly notify the furnisher of that information that the information has been modified or deleted from the consumer's file.  15 U.S.C. § 1681i(a)(5).  After a furnisher of information receives notice of a consumer dispute from a credit reporting agency, the furnisher must investigate the consumer dispute, report the

4

results of the investigation to the consumer reporting agency, and modify or delete information that is inaccurate or incomplete, or cannot be verified.  See 15 U.S.C. § 1681s-2(b).[2]  A consumer reporting agency or furnisher of information who violates the FCRA is liable to the consumer for actual damages and attorney's fees and, upon proof of a willful violation, statutory and punitive damages.  15 U.S.C. §§ 1681n & 1681o.

Under the FCRA, only the Federal Trade Commission can seek injunctive relief from a consumer reporting agency or reporter of credit information.  Washington v. CSC Credit Servs. Inc., 199 F.3d 263, 268 (5th Cir. 2000); see 15 U.S.C. § 1681s(a).  Individual consumers are limited to the remedies provided under the FCRA, i.e. damages and attorney fees.  See Washington, 199 F.3d at 268.  Plaintiff argues that Count VI seeks injunctive relief under Kansas common law, see Plaintiff's Memorandum (Doc. #35) at 1-2, but the FCRA preempts state laws to the extent that they are inconsistent with the federal statute.  See 15 U.S.C. § 1681t(a).   In particular, the FCRA provides that no requirement or prohibition may be imposed under any state law with respect to any subject matter regulated under Section 1681s-2 relating to the responsibilities of persons who furnish information to consumer reporting agencies.  15 U.S.C. § 1681t(b)(1)(F).  In addition, the FCRA specifically limits the liability of credit reporting agencies and furnishers and users of information as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency,

---

[2]      Furnishers are also required to provide accurate information to credit reporting agencies, 15 U.S.C. § 1681s-2(a), but Congress did not create a private right of action for violation of this provision.  See Whisenant v. First Nat'l Bank & Trust Co., 258 F. Supp.2d 1312, 1316 (N.D. Okla. 2003).

based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer.*

15 U.S.C. § 1681h(e) (emphasis added).

Count VI of plaintiff's complaint does not assert a particular cause of action under state law, but merely seeks injunctive relief from all defendants.  Plaintiff argues that she is entitled to injunctive relief for violation of her privacy rights, see Plaintiff's Memorandum (Doc. #35) at 3, 8-9, 12-13, but her complaint does not allege a state law claim for invasion of privacy.[3]  See Dominguez v. Davidson, 266 Kan. 926, 937, 974 P.2d 112 (1999) (elements of invasion of privacy through false light include publication to third party of information which falsely represents person and representation is highly offensive to reasonable person).  Even if plaintiff's complaint had alleged a claim for invasion of privacy, Section 1681t(b)(1)(F) appears to preempt such a claim against furnishers of credit information such as Bank of America.[4]  As to

---

[3]      As to the credit reporting agency defendants, plaintiff's complaint only asserts claims under the FCRA.  As to Bank of America, plaintiff's complaint asserts claims for violations of the FCRA and the Consumer Credit Protection Act, and for breach of contract.

[4]      Several courts have held that the FCRA preempts all state laws regarding duties of furnishers of information and the remedies available against them.  See Howard v. Blue Ridge Bank, 371 F. Supp.2d 1139, 1146 (N.D. Cal. 2005); Campbell v. Chase Manhattan Bank, USA, N.A., No. Civ. A. 02-3489(JWB), 2005 WL 1514221, at *17 (D.N.J. June 27, 2005); see also Riley v. Gen. Motors Acceptance Corp., 226 F. Supp.2d 1316, 1322 (S.D. Ala. 2002) (FCRA preempts state tort claims such as invasion of privacy); Hasvold v. First USA Bank, 194 F. Supp.2d 1228, 1239 (D. Wyo. 2002) (FCRA preempts claims for defamation and invasion of privacy against furnisher of information).  Two judges in the District of Kansas have held that Section 1681t preempts state law claims only to the extent that defendant's alleged unlawful actions occurred after defendant received notice of plaintiff's dispute.  See Cox v. Beneficial Kan., Inc., No. 04-4128-JAR, 2005 WL 627974, at *3 (D. Kan. Mar. 9, 2005); Aklagi v. Nationscredit Fin. Servs., 196 F. Supp.2d 1186, 1194-95 (D. Kan. 2002) (JWL).  Even under this approach, however, plaintiff's claim for injunctive relief against Bank of America is preempted because it
(continued...)

a potential invasion of privacy claim against the credit reporting agency defendants, Section 1681h(e) bars

plaintiff's claim because she has not alleged that these defendants provided false information with "malice

or willful intent to injure."  15 U.S.C. § 1681h(e).[5]

In Count VI, plaintiff seeks an injunction which essentially subjects the credit reporting agency

defendants to strict liability for inaccuracies that appear on plaintiff's future credit reports.  Such an

injunction goes well beyond – and conflicts with – the standards and duties of credit reporting agencies set

forth in the FCRA.  Those standards require reasonable procedures to ensure the accuracy of credit

reports.  See 15 U.S.C. § 1681e(b) (consumer reporting agency must follow reasonable procedures to

assure maximum possible accuracy of information); Bittick v. Experian Information Solutions, Inc., --- F.

Supp.2d ----, 2006 WL 593836, at *2 (N.D. Tex. Feb. 8, 2006) (FCRA preempts injunctive relief under

common law against credit reporting agency); Poulson v. Trans Union, LLC, 370 F. Supp.2d 592, 593

(E.D. Tex. 2005) (FCRA preempts injunctive relief under state law against credit reporting agency); Lin

v. Universal Card Servs. Corp., 238 F. Supp.2d 1147, 1152 (N.D. Cal. 2002) (FCRA preempts state

statute which authorizes injunctive relief).  But cf. Albert v. Trans Union Corp., 346 F.3d 734, 739-40 (7th

Cir. 2003) (in dicta, noting that even though district court denied injunctive relief under FCRA, essentially

same injunctive relief available under state law); White v. First Am. Registry, Inc., 378 F. Supp.2d 419,

---

[4](...continued)
is based on conduct which occurred after plaintiff notified Bank of America of the dispute.  See Complaint
(Doc. #1) ¶ 63.  Finally, some courts have held that Section 1681t preempts only state statutory causes
of action.  See Barnhill v. Bank of Am., 378 F. Supp.2d 696, 703-04 (D.S.C. 2005); Watson v. Trans
Union Credit Bureau, No. 04-205, 2005 WL 995687, at *8 (D. Me. Apr. 28, 2005).  Because Count VI
of plaintiff's complaint does not state a claim for invasion of privacy, the Court need not decide the issue.

[5]      Plaintiff alleges that these defendants willfully violated the FCRA, but such an allegation is
insufficient to infer that defendants acted with malice or willful intent to injure her.

424-25 (S.D.N.Y. 2005) (overruling motion to dismiss claim against consumer reporting agency for injunctive relief under New York statute).[6]

For the above reasons, the Court sustains defendants' motions to dismiss Count VI of plaintiff's complaint against all defendants except HSBC.

**IT IS THEREFORE ORDERED** that Defendant CSC Credit Services, Inc.'s Partial Motion To Dismiss (Doc. #7) filed October 31, 2005 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant Trans Union's Motion To Dismiss (Doc. #14) filed October 31, 2005 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant Experian Information Solutions, Inc.'s Partial Motion To Dismiss (Doc. #16) filed November 1, 2005 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant Bank Of America's Motion To Dismiss And Memorandum In Support (Doc. #30) filed November 30, 2005 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant Equifax Information Services LLC Joinder In Experian Information Solutions, Inc.'s Motion For Partial Motion To Dismiss (Doc. #34) filed December 7, 2005 be and hereby is **SUSTAINED**.

---

[6]     Relying on Millett v. Ford Motor Credit Co., No. 04-2450-CM (D. Kan.), plaintiff argues that in determining whether injunctive relief is appropriate, the Court should first consider whether the FCRA provides adequate relief to victims of identity theft. See Memorandum And Order (Doc. #29) filed April 20, 2005 in Case No. 04-2450-CM at 10.  In Millett v. Ford, the Honorable Carlos Murguia did not address whether an individual consumer could seek injunctive relief under the FCRA; rather, he addressed only whether plaintiff had alleged the necessary elements for injunctive relief.  One day after the ruling in Millett v. Ford, in a different case involving the same plaintiffs, Judge Murguia held that plaintiffs could not seek injunctive relief from a consumer reporting agency under the FCRA.  See Memorandum And Order (Doc. #25) filed April 21, 2005 in Millett v. CSC Credit Servs., Inc., No. 04-2456 (D. Kan.) at 6.

**IT IS FURTHER ORDERED** that on or before **March 31, 2006**, plaintiff shall show cause in writing why the Court should not dismiss Count VI as to HSBC Bank Nevada, Inc. for substantially the reasons the Court has dismissed Count VI against Bank of America.

Dated this 20th day of March, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

9