GLR/byk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THEOLA JARRETT,

        Plaintiff,

                                   CIVIL ACTION

vs.

                              Case No.:  05-2371-KHV-GLR

BANK OF AMERICA,
et al.,

        Defendants.

## ORDER

On May 11, 2006, the Court conducted a telephone status conference in this case. Plaintiff Theola Jarrett appeared in person.   Defendant Bank of America appeared through counsel, Thomas M. Martin and MacKenzie Wagler.   Defendant HSBC Bank, Nevada, N.A. appeared through counsel, Todd W. Ruskamp.   Defendant Equifax Information Services, L.L.C. appeared through counsel, Amy Greenstein.   Defendant Experian Information Solutions, Inc. appeared through counsel Craig L. Uhrich.   Defendant CSC Credit Services, Inc. appeared through counsel, Chad M. Pinson.   This Order memorializes the Court's rulings at the status conference:

    (1)    Plaintiff's Motion for Extension of Time to Respond to Discovery (doc. 87) is overruled as moot.

    (2)    Plaintiff's Motion for Stay (doc. 91) is overruled.

    (3)    Defendant Bank of America's Motion to Modify Scheduling Order (doc. 93) is sustained in part and overruled in part.   The Scheduling Order deadline for all

Defendants to serve their disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, is extended to **July 1, 2006**. The deadline for disclosures and reports by any rebuttal experts is extended to **August 19, 2006**. The deadlines for completion of discovery is extended to **September 1, 2006**.

(4)     Defendant Bank of America's Motion to Compel and Request for Sanctions (doc. 94) is sustained in part and overruled in part. By **May 26, 2006**, Plaintiff shall serve, without objection, her responses to Defendant Bank of America's First Interrogatories and all documents responsive to Defendant Bank of America's First Request for Production of Documents. Defendant Bank of America's request for an order that its First Request for Admissions be deemed admitted is sustained. Defendant Bank of America's First Requests for Admission to Plaintiff Theola Jarrett are hereby deemed admitted. Defendant Bank of America's request for sanctions in the amount of $1,175 are taken under advisement. **Within ten days of the date of this Order**, Counsel for Bank of America shall file an affidavit in support of its request for attorney fees. Plaintiff shall have **ten days after the filing of counsel's affidavit** to file her response to the request for sanctions. Defendant Bank of America's request that, in the event Plaintiff fails to adequately and timely respond to its discovery requests, her claim against it be dismissed with prejudice is overruled without prejudice to the refiling of a motion to dismiss.

2

(5)     Defendant CSC Credit Services, Inc.'s Motion to Compel Plaintiff's Responses to CSC's First Interrogatories, First Request for Production, and Motion for Ruling on First Request for Admissions (doc. 95) is sustained in part and overruled in part.  By **May 26, 2006**, Plaintiff shall serve, without objection, her responses to Defendant CSC Credit Services, Inc.'s First Set of Interrogatories and all documents responsive to Defendant CSC Credit Services, Inc.'s First Request for Production.  Defendant CSC Credit Services, Inc.'s request for an order that its First Request for Admissions be deemed admitted is sustained.  Defendant CSC Credit Services, Inc.'s First Request for Admissions to Plaintiff Theola Jarrett are hereby deemed admitted.

(6)     Being so advised by counsel for Defendant CSC Credit Services, Inc. that it has agreed to withdraw its deposition notice, Plaintiff's Motion for Protective Order (doc. 97) is overruled as moot.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, this 23rd day of May, 2006.


                                                    s/ Gerald L. Rushfelt
                                                    Gerald L. Rushfelt
                                                    United States Magistrate Judge


cc:     All counsel and *pro se* parties

3